## NANTUCKET COUNTY.

### VALENTINE HUSSEY, JR. & others *vs.* CHARLES G. COFFIN & another, Executors.

The refusal by executors to account for large sums of money received by them as general business agents of their testatrix, more than twenty years before her death, which were left unaccounted for in two settlements with her in her lifetime, and the fact that almost her whole estate consists of debts due from the executors, are insufficient causes for their removal, as evidently unsuitable for discharging their trust, under Rev. Sts. *c.* 63, § 7.

APPEAL from the decree of the judge of probate, dismissing a petition by grandchildren and legatees under the will of Mrs. Abial Coffin, deceased, for the removal of the executors named therein.

The case was referred to an auditor, who reported that the testatrix was the widow of Zenas Coffin, who died in 1828, leaving a large estate, the settlement of which was delayed until 1835 ; that the net amount of personal property received by her therefrom, including income collected, was $83,062.33 ; that at her death, in 1856, her property, as shown by the inventory re-

turned by the respondents as executors, amounted in all to $33,346.65, of which $32,131.89 consisted of two promissory notes of the respondents; that she had met with no loss of property since her husband's death, and her yearly expenditures of every description, including taxes and charities, would average only from $1000 to $1300; that she, at the death of her husband, was sixty three years of age, and at her own death about ninety one; that she was intelligent, but unused to the transaction of business; that the respondents, who were her sons, took charge of the settlement of her husband's estate, at her request, and received her share thereof, which, by mutual understanding, remained in their hands without interest, and was used by them in their business; that they attended to all her financial matters, even to the payment of her small bills; that, in 1844, they rendered an account to her, running from 1831, and took her receipt showing that they then settled in full, and that the balance then due to her from them was $35,192.97; that, in 1851, they rendered another account, running from 1844, and took her receipt showing that they then settled in full, and gave her their note, without interest, for the balance due to her, amounting to $29,042.89; that the respondents, as her agents, received from the administrators of her husband's estate her share of the oil of the ship Washington, charged at $13,993.98, and gave her no credit for the same, and never accounted for it, or paid over its proceeds to her; that in 1831 or 1832 they also received, as her agents, the sum of $5000, due to her for a loan, and did not carry it into their account with her, and, as to this sum, the auditor reported that, if the burden of proof was on the respondents to show that they had accounted for it in any way to her, he was not satisfied of the fact; and if the burden of proof was upon the petitioners to show not only the receipt of the money by the respondents, but also a failure to pay it over or account for it, he was not satisfied that it might not have been paid to her.

At the hearing in this court, *Hoar,* J. reserved and reported the case for the decision of the whole court.

*J. H. Clifford,* for the petitioners.

*S. Bartlett & C. A. Welch,* for the respondents.

HOAR, J.* This is an appeal from a decree of the judge of probate for the county of Nantucket, dismissing the petition of the appellants for the removal of the respondents as executors of the will of Mrs. Abial Coffin, who died in the year 1856. The petition asked the removal of the executors, on the ground that they had " become evidently unsuitable for discharging their trust," for reasons which are set forth therein at length. Rev. Sts. *c.* 63, § 7. Gen. Sts. *c.* 101, § 2. Those reasons, so far as they are supported to any degree by the evidence in the case, and as they have been presented in the argument of the appellants' counsel, are substantially these: That the respondents, who were the sons of the testatrix, and had the management and custody of most of her property for many years of the latter part of her life, received two large sums of money belonging to her which they have not included in their inventory of her estate, and for which they deny any obligation to hold themselves responsible, or to account. Whether, upon all the facts and circumstances of the case, this constitutes such an " evident unsuitableness " to discharge their trust as the statute contemplates, is the question which we are called upon to decide.

The *St.* of 1783, *c.* 24, § 19, which was substantially re-enacted in the Rev. Sts. *c.* 63, § 7, was examined and received a judicial construction in the case of *Winship* v. *Bass*, 12 Mass. 199; and was considered again by this court in *Thayer* v. *Homer*, 11 Met. 104.

In *Winship* v. *Bass*, it was said that " the statute gives a very broad discretion to the judge, evidently intending not to define or limit the disabilities which should be the causes of removal; but to leave room for the application of the power to all cases which may occur to render the execution of a will, or the administration of an estate, perplexed and difficult." And in *Thayer* v. *Homer*, the court held unsuitableness to imply " no want of capacity or mental infirmity, but an unfitness arising out of the situation of the person in connection with the estate of which he is administrator, either by reason of his being in-

---

* METCALF, J., did not sit in this case.

debted to it, or having claims upon it, or in the interest he has under a will, or his situation as heir at law." The latter was a case where the executor had himself requested to be removed, on the ground that he had claims against the estate which he could not prosecute without a conflict with the interests which he must represent as executor.

We are of opinion that the evidence in this case does not show that the respondents have become evidently unsuitable to discharge their trust, and that the decree of the judge of probate should be affirmed.

It is not suggested that they are wanting in business capacity, or that they are not of sufficient pecuniary responsibility to render the estate safe in their hands. For any debt which was due from them to the testatrix, they may be required to account in the settlement of the estate, in the ordinary course of administration ; and they, and the sureties on their bond, will be liable to make it good. If the judge of probate should refuse to charge them with any sum for which they are justly answerable, any party in interest has a remedy by appeal, and a right to a trial, with the fullest opportunity for discovery and proof. No right of the heirs or legatees is impaired by their continuance in the trust.

If the evidence were satisfactory to show any attempt on the part of the executors at embezzlement, or fraudulent concealment of the estate of the deceased, or an intention to resist the acknowledgment or payment of a well ascertained and certain liability, or a refusal or unwillingness to allow the other parties in interest reasonable access to sources of evidence within their official control, it would undoubtedly furnish good cause for their removal. But, while the circumstances respecting the receipt of two such large sums of money, accompanied with a failure to show any disposition of them authorized by the testatrix, are certainly remarkable, and a proper subject for careful and thorough investigation, it is apparent, on the other hand, that there is no sum for which they now omit to charge themselves, which they did not, in like manner, leave unaccounted for in two successive settlements with the testatrix herself. She

not only trusted them with the care of her property, but allowed them to use, without compensation or payment of interest, for a long period of years, the great bulk of her large estate. This arrangement was not, as it seems, from carelessness or ignorance, but was intentional on her part. There is no proof that she was ignorant of the nature or amount of her property, or that she wanted capacity to understand the import of the accounts which her agents rendered. We cannot, therefore, regard the continuance by the respondents of a refusal, in their capacity as executors, after her decease, to charge themselves with a sum of money for which they had disowned all liability as agents during twenty years of her lifetime, without objection or remonstrance on her part, as a sufficient proof of unfaithfulness to their trust to require that they should be removed.

*Decree of the judge of probate dismissing the petition affirmed.*

## SUFFOLK COUNTY.*

